UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| MARISHA PETERS | ) | |
| | ) | |
| v. | ) | 1:09-cr-98/1:11-cv-172 |
| | ) | *Judge Mattice* |
| UNITED STATES OF AMERICA | ) | |

**O R D E R**

Marisha Peters ("Peters") has filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (Criminal Court File No. 624).[1] Before the Court are Peters motions requesting an extension of time in which to file a response to the government's reply to her § 2255 motion (Criminal Court Docs. 643, 648, 649) and her motion requesting transcripts at the government expense (Criminal Court Doc. 644).

Although 28 U.S.C. § 2255 does not require a reply, a prisoner may file a reply. *See United States v. Lefkowitz*, 289 F.Supp.2d 1076, 1082 n.10 (D.Minn. 2003). Thus, although a reply is unnecessary, the Court will grant Peters a limited extension of time in which to file a reply.

Accordingly, Peters' motions requesting an extension of time in which to file a reply are **GRANTED** (Criminal Court File Nos. 643, 648, 649). Peters **SHALL** file her reply on or before January 16, 2012. The Court directs Peters' attention to L.R. 7.1(c) which provides that a reply brief shall directly reply to the points and authorities in the

---

[1] Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

1

government's response to her § 2255 motion and shall not be used to reargue the points and authorities included in Peters' § 2255 motion or to present any new issues.

Although Peters requests a copy of her plea and sentencing transcripts at government expense arguing they are necessary for her to reply to the government's response, she does not explain which issue(s) the transcripts will help resolve (Criminal Court Doc. 644). A transcript may be furnished to a federal prisoner at government expense under 28 U.S.C. § 753(f), but only after the § 2255 motion has been filed and the Court determines a transcript is necessary to decide a nonfrivolous issue raised in the § 2255 motion. *United States v. MacCollom*, 426 U.S. 317 (1976). Title 28 U.S.C. "§ 753(f) is the exclusive provision governing requests by indigent prisoners for free transcripts, whether or not the transcripts already exist. . . . [B]efore a defendant is entitled to a free transcript, he must make the particularized showing required by this provision." *Sistrunk v. United States*, 992 F.2d 258, 260 (10th Cir. 1993). In order to qualify to have transcripts provided at government expense, § 753(f) requires the judge to "certify" the case "is not frivolous and that the transcript is needed to decide the issue presented" in the § 2255 motion.

Peters' failure to show her case is not frivolous and articulate the issues for which she claims she needs the transcript, has resulted in her failure to make the particularized showing that is required under §753(f). The Court, therefore, is unable to make the required certification. Peters factually unsupported allegation that she needs the transcript to reply to the government's response is insufficient to demonstrate a need for the

2

transcript. Accordingly, Peters motion for the transcripts of her plea and sentencing hearing is **DENIED** (Criminal Court Doc. 644).

ENTER:

                                                       */s/Harry S. Mattice, Jr.*
                                                    HARRY S. MATTICE, JR.
                                                    UNITED STATES DISTRICT JUDGE