UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

MARISHA PETERS,         )
         )
         )
v.         )     No.     1:09-cr-98/1:11-cv-172
         )         *Judge Mattice*
UNITED STATES OF AMERICA    )

## MEMORANDUM

Marisha Peters ("Peters") timely filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (Criminal Doc. 624).[1] Peters alleges she was denied effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution (Criminal Doc. 624). The Government opposes the motion (Criminal Doc. 638).

The motion, together with the files and record in this case, conclusively show Peters is entitled to no relief under 28 U.S.C. § 2255. For the reasons that follow, the Court has determined an evidentiary hearing is unnecessary, *see United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993), and concludes that Peters's § 2255 motion will be **DENIED** for lack of merit (Criminal Doc. 624) and her "motion for disposition" is **MOOT** (Criminal Doc. 691)..

## I.    Procedural Background

On May 27, 2009, a grand jury sitting in the Eastern District of Tennessee, Chattanooga Division, filed a sixty-five count indictment charging nineteen different individuals with drug related offenses (Criminal Doc. 3). Count One charges all

---

[1]    Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

nineteen defendants, including Peters, and others with conspiracy to distribute and possess with intent to distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack") and five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine hydrochloride in violation of Title 21, U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). Peters was charged in Count Thirty-Four with distributing cocaine hydrochloride on or about March 26, 2008, in violation of Title 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Count Thirty-Six charges Peters with distributing cocaine hydrochloride on or about April 2, 2008, in violation of Title 21 U.S.C. §841(a)(1) and (b)(1)(C). Count Thirty-Seven charges Peters with possessing with intent to distribute cocaine hydrochloride on or about April 2, 2008, in violation of Title 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Criminal Doc. 3).

After initially entering not guilty pleas (Criminal Doc. 13), Peters chose to plead guilty to Count One, the lesser included offense of conspiracy to distribute and possess with intent to distribute five hundred (500) grams or more of a mixture or substance containing a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B), pursuant to the terms of a plea agreement with the government on February 25, 2010 (Criminal Doc. 411, plea agreement). As part of the plea agreement, the remaining counts were dismissed. On June 25, 2010, the Court sentenced Peters to a term of 60 months of imprisonment followed by a four year term of supervised release (Criminal Doc. 532--Judgment). No direct appeal was filed.

The presentence investigation report ("PSR") was accepted by the Court (Criminal Doc. 634, p. 4—Judgment Transcript). Peters's base offense level was 23 and her criminal history category was one, which resulted in an advisory guideline range

of 46 to 57 months, but due to the mandatory statutory minimum sentence Peters's was sentenced to a sixty month term of imprisonment (Criminal Doc. 530). Peters's did not pursue a direct appeal, but she subsequently filed this timely § 2255 motion although she waived her right to do so in her plea agreement (Criminal Doc. 624).

## II.   Standard of Review

This Court must vacate and set aside a sentence if it finds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that, the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, . . ." 28 U.S.C. § 2255.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994). *See also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994)

(applying *Brecht* to a § 2255 motion). To warrant relief for a nonconstitutional error requires a showing of a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996).

### III. Facts

The following pertinent facts are taken from paragraph four of Peters's plea agreement:

a. Agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and agents from outside the state of Tennessee began investigating a narcotics trafficking organization from the Eastern District of Tennessee involved in the distribution of cocaine base ("crack") and cocaine hydrochloride between 2005 and 2009. The defendant agrees that she knowingly, intentionally, and voluntarily joined and participated in this conspiracy. The defendant's role in the conspiracy was to obtain cocaine from her source of supply and then sell that cocaine to others.

b. On March 18, 2008, law enforcement agents utilized a confidential informant to make a controlled call to the defendant to discuss the purchase of cocaine. The CI and the defendant negotiated a cocaine purchase. The call was monitored and recorded.

c. On March 26, 2008, defendant sold 29.2 grams of cocaine hydrochloride to a CI. The controlled buy was monitored and recorded by law enforcement.

d. On April 2, 2008, defendant sold 15.1 grams of cocaine hydrochloride to a CI. The controlled buy was monitored and recorded by law enforcement.

e. On April 3, 2008, a search warrant was issued which resulted to [sic] a seizure of 67.3 grams of cocaine hydrochloride, paraphernalia, and currency.

f. On April 3, 2008, the defendant confessed to conspiring with others to sell more than 500 grams of cocaine hydrochloride.

g. According to interviews with the defendant, numerous witnesses and other co-conspirators, the defendant was directly or indirectly responsible for the distribution of more than 500 grams of cocaine hydrochloride during the course of the conspiracy.

4

(Criminal Doc. 422, pp. 3-4).

## IV. Analysis

Peters's § 2255 motion to vacate is confusingly pled but the Court discerns it contains four ineffective assistance of counsel claims. The Court will address the claims in the order in which Peters raised them in her § 2255 motion.

### A. Ineffective Assistance of Counsel

As previously noted, in her § 2255 motion, Peters claims are confusingly pled and difficult to decipher. As the Court discerns, Peters raises the following ineffective assistance of counsel claims: 1) counsel failed to argue for application of the safety valve and enforcement of the terms of her initial agreement which she alleges led her to believe she was subject to a two (2) year penalty; 2) counsel failed to object to her sentence being manipulated by law enforcement; 3) counsel failed to argue her role in the scheme of the drug conspiracy was minor; and 4) counsel failed to explain the meaning of the § 2255 waiver included in her plea agreement (Criminal Doc. 624, pp. 4-8). Before discussing the claims, the Court will analyze the law applicable to ineffective assistance of counsel claims.

#### 1. *Applicable Law*

The Sixth Amendment provides, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right extends beyond the mere presence of counsel to include "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). To establish a claim of ineffective assistance, Peters must demonstrate two essential elements: (1) that counsel's performance was deficient, that is, below the

standard of competence expected of attorneys in criminal cases; and (2) that counsel's deficient performance prejudiced the defense, i.e. deprived the defendant of a fair criminal proceeding, rendering the outcome of the proceeding unreliable.  *Id.* at 687-88.

With regard to plea proceedings, Peters must show that but for counsel's deficient performance, she would not have pleaded guilty.  *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).  To demonstrate a reasonable probability that she would have gone to trial, a defendant is required to present evidence apart from a lone assertion that but for counsel's error she would have pleaded not guilty and gone to trial.  *See Parry v. Rosemeyer* ,64 F.3d 110, 118 (3rd Cir.1995).  Under *Strickland*, review should be deferential and maintain a strong presumption in favor of finding counsel's conduct within the wide permissible range of reasonable professional assistance.  *Strickland*, 466 U.S. at 689.

As an initial matter, the Court observes that Peters has failed to meet the prejudice prong as to any of her ineffective assistance of counsel claims because she does not allege, much less demonstrate, a reasonable probability that she would not have pled guilty and would have insisted on going to trial but for counsel's errors. Indeed, Peters does not ask for a trial but rather−wishing to benefit from the reduction counsel negotiated for acceptance of responsibility and preventing a denial of an acceptance of responsibility reduction and an obstruction enhancement, which apparently was a feat in of itself considering the government's sentencing memorandum strongly argued Peters should be denied acceptance of responsibility and her sentence should be enhanced based on obstruction of justice−asks the Court to reduce her

sentence "to a term consistent with current guideline and policies under Section 3553." (Criminal Doc. 624).

Clearly Peters has failed to present evidence or even a lone assertion that she would have proceeded to trial but for counsel's alleged errors. Thus, Peters has failed to fulfill her burden of proving a reasonable probability that "but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. at 59. Furthermore, as explained below, aside from Peters having waived her right to raise these claims in a § 2255 motion, she has failed to demonstrate counsel's performance was deficient.

a.  Safety Valve Claim

Peters's safety valve claim is convoluted and difficult to decipher. Considering her claim along with the government's response, the history of this case, and the fact that Peters met with the government for a safety valve proffer from which she did not benefit, the Court discerns that Peters faults counsel for abandoning the argument that the safety valve was applicable in her case and justified a sentence below the mandatory minimum 60 month sentence.[2]

Title 18 U.S.C. § 3553(f) permits a court to impose a sentence "without regard to any statutory minimum sentence, if the court finds at sentencing, after the government has been afforded the opportunity to make a recommendation, that—"

> (1)  the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

---

[2]  Although Peters makes a factually unsupported reference that during the safety valve proffer she understood she would only be facing a two year sentence, such is insufficient to raise a claim for adjudication.

(2)      the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3)      the offense did not result in death or serious bodily injury to any person;

(4)      the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

(5)      not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C.A. § 3553(f) (1)-(5).

To put this claim into perspective, a discussion of some background information is necessary. First, the only plea agreement presented to the Court specified Peters's punishment would include imprisonment for a term of not less than five (5) years (Criminal Doc. 411). Second, Peters has not provided any credible evidence of another plea agreement. Third, had counsel *successfully* pursued the safety-valve argument the Court would have been permitted to sentence Peters below the mandatory minimum 60 month sentence. Had counsel pursued the safety valve reduction during Peters's judgment proceeding, however, the record indicates he would not have been successful. This is so because the government would have contested application of the safety valve and argue Peters was not forthcoming and honest about her activity. In addition, the government would have argued she was not entitled to the 3-level decrease for acceptance of responsibility, and that she should receive an enhancement

for obstruction of justice based on her threats to a co-defendant (Criminal Doc. 508—Government's Sentencing Memorandum). Counsel, weighing the probable consequences of this scenario, made the tactical decision to not pursue the safety-valve argument since it appears Peters was ineligible as a result of her lack of cooperation with the government.

Although the government may have initially been inclined to believe Peters qualified for the safety-valve and indicated such to her, after her proffer session they no longer held that belief, as the proffer session ended abruptly when the government representatives notified her and counsel they did not believe she was being honest (Criminal Doc. 499, p. 4). The government took the position in its sentencing memorandum that Peters lied to a federal agent during her safety-valve proffer in four key areas. Therefore, the government concluded that by denying she had any information regarding her relevant conduct, including identifying other sources of supply, quantities of cocaine she dealt, and customers of her own, she failed to truthfully provide all information and evidence concerning her offense. In its sentencing memorandum the government argued Peters should be denied a reduction in her sentence based on the safety valve and acceptance of responsibility, and as a result of threatening a co-defendant, the obstruction of justice enhancement should apply (Criminal Doc. 508).

During sentencing, however, the government agreed to drop those arguments in exchange for Peters's agreement to drop her safety-valve arguments. It appears counsel effectively negotiated an agreement to prevent the government from

arguing against the 3-level decrease for acceptance of responsibility and safety valve, and requesting an increase for obstruction.

The record before the Court does not demonstrate Peters met all of the criteria of the safety valve provisions. Contrary to Peters's contention, she was not eligible to benefit from the safety valve provisions because there is absolutely no proof in either the criminal record or the § 2255 record, that she met all the criteria to warrant such a benefit. Specifically, there is no proof Peters "*truthfully* provided to the Government *all* information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan[.]" 18 U.S.C. § 3553(f)(5) (emphasis added).

Aside from the fact that Peters failed to provide any factual support demonstrating her proffer fulfilled her obligation under the fifth component of the safety valve, there is no evidence before the Court from which it can infer Peters met the fifth component of the safety valve statute. Nevertheless, even if counsel had argued Peters was entitled to the safety valve reduction, based on the record before the Court, he would not have been successful. Accordingly, Peters will be **DENIED** relief on her claim that counsel ineffectively failed to argue for application of the safety valve reduction as she has failed to demonstrate counsel performed deficiently and she suffered any prejudice as a result thereof.

b.    Sentencing "entrapment" or "manipulation"

Peters also argues she was improperly sentenced based on "sentencing entrapment." (Criminal Doc. 625, p. 5). According to Peters, her guidelines were enhanced as a result of government conduct, which she asserts amounted to

"manipulation of her sentence."  Specifically, Peters claims a subsequent buy made by an informant working with law enforcement should have been excluded from the calculation of the drugs attributed to her.

Here, there were two undercover buys−one of 29.2 grams of cocaine hydrochloride on March 26, 2008, and 15.1 grams of cocaine hydrochloride on April 2, 2008.  On April 3, 2008, a search warrant was issued for Peters's residence which resulted in a seizure of 67.3 grams of cocaine hydrochloride, paraphernalia, and currency.

Sentencing entrapment focuses on the defendant's conduct and predisposition to commit an offense. Sentencing manipulation involves the government's conduct in continuing to pursue controlled buys.  To prevail on a sentencing manipulation claim, the defendant must show the government engaged in extraordinary misconduct.  *See Hall v. United States,* 172 F.3d 872, (6th Cir. Dec. 9, 1998), *available at* 1998 WL 887276, at *2 ("Several circuits have explained that sentencing entrapment focuses on the defendant's lack of predisposition to commit the greater offense, while sentencing manipulation focuses on whether the government's conduct is so outrageous that it offends the due process requirement of fundamental fairness."  (internal punctuation and citations omitted)).

Two controlled buys from Peters were completed by a confidential informant. There is no evidence before the Court to support Peters's factually unsupported assertion that the second buy was done for the sole purpose of adding additional charges.  Courts have rejected sentencing entrapment and sentencing manipulation claims involving significantly more than two controlled buys by confidential informants.

*See e.g., United States v. Mai Vo,* 425 F.3d 511, 512 (8th Cir. 2005) (no sentencing manipulation with eight undercover drug buys from defendant); *United States v. Shephard,* 4 F.3d 647 (8th Cir. 1993) (12 undercover drug purchases did not amount to sentence manipulation). Here, Peters simply has offered nothing to show she was predisposed to commit only a lesser offense but was entrapped into committing a greater one or that the government engaged in outrageous official conduction in this situation.

Moreover, the Sixth Circuit has held that "at no time . . . has this Court recognized the use of sentencing manipulation or its cousin, sentencing entrapment, as a mitigating factor in sentencing." *United States v. Greer,* 415 Fed. Appx. 673 (6th Cir.) *available at* 2011 WL 693231, *2, *cert. denied,* 131 S. Ct. 2476, 179 L.Ed.2d 1233, 79n USLW 3648 (U.S. May 16, 2011).   Aside from the fact that neither the Sixth Circuit nor the United States Supreme Court has recognized this legal theory as a mitigating factor, even if the Court could consider it as a mitigating factor, Peters has not sustained her burden of demonstrating two controlled buys amounted to sentencing manipulation or entrapment.   Accordingly, Peters will be **DENIED** relief on her claim that counsel was ineffective for failing to argue sentencing manipulation or entrapment.

c.    Mitigating Role

Next, Peters alleges she should have been assessed a minor role in the conspiracy as she was only involved with "a small amount of drugs."   Peters also complains that counsel failed to challenge the credibility of the witnesses who were prepared to testify at her sentencing hearing.

Because Peters agreed to forego her safety valve argument at sentencing, the government agreed to forego its argument that she should be denied credit for acceptance of responsibility and her sentence should be enhanced for obstruction based on her threats of violence to a co-defendant. Because the parties agreed to forego their arguments at sentencing, no testimony was presented during Peters's judgment proceedings. Consequently, there were no witnesses whose credibility counsel could have challenged.

Given that Peters simply did not qualify for the safety-valve, the Court was required to impose the applicable mandatory minimum sentence based on Peters's guilty plea to conspiracy to distribute and possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine hydrochloride (Criminal Doc. 411—Plea Agreement). In her plea agreement, Peters stipulated that her role was to obtain cocaine and sell it to others, and that she was directly or indirectly responsible for the distribution of more than 500 grams of cocaine hydrochloride. Therefore, as the government contends, a larger conspiracy was not taken into account. In other words, Peters pled guilty to the amount of drugs for which she was personally responsible rather than the 5 kilograms of cocaine hydrochloride involved in the larger conspiracy for which she was indicted.

A plea to a lesser included offense was negotiated for Peters for the amount of drugs (i.e., more than 500 grams of cocaine) for which she was personally responsible. Peters was sentenced to the mandatory minimum sentence based on drug quantities personally attributed to her. Because the mandatory minimum sentence was applicable

to Peters, a mitigating role in the offense adjustment was not permissible absent her eligibility for the safety valve provision.

In addition, even if the mandatory minimum was not applicable to Peters, she would not be entitled to a role adjustment because a larger conspiracy was not taken into account in establishing her base offense level, as she was sentenced based only on the total amount of grams of cocaine for which she accepted responsibility. *United States v.Stallings,* 97 Fed. Appx. 608, 610 (6th Cir. 2004) (denial of role reduction affirmed because Stallings was sentenced only for the total grams of cocaine base attributed to him); *United States v. Maynard,* 94 Fed. Appx. 287, 294 (6th Cir. 2004) ("As this Court has made clear, a defendant is 'not entitled to a mitigating role reduction if [he is] held accountable only for the quantities of drugs attributable' to his direct involvement and active participation.") (quoting *United States v. Campbell,* 279 F.3d 392, 396 (6th Cir. 2002)).

In sum, as to Peters's claim that counsel should have presented proof as to her minor role in the conspiracy, no § 2255 relief is warranted for the reasons discussed above. Peters cannot show counsel's performance fell below professional standards in this instance. Accordingly, Peters is **DENIED** relief on the ground counsel failed to argue she was entitled to a reduction based on her minor role in the conspiracy.

### d.    Waiver of Collateral Attack

In her plea agreement, Peters waived her right to file any motions or pleadings pursuant to § 2255 or to collaterally attack her conviction or sentence except as to claims of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time of entry of judgment (Criminal Doc. 411, p. 8, ¶ 13.b).  All of the

claims which Peters has presented in her § 2255 motion were known to her at the time of entry of judgment except, arguably, the claim she presents regarding the waiver in her plea agreement. Glaringly absent from this claim are any facts of the advice she claims counsel gave her that enticed her to agree to the waiver.

Peters claims she agreed to the waiver based on counsel's advice, but counsel failed to explain the meaning of "collateral attack" or "what a 2255 was." (Criminal Doc. 624). Peters contends she was not advised of the "implications of executing such a waiver, [or] the affect it would have on obtaining aby [sic] redress in the courts." (Criminal Doc. 624). Peters claims that based on counsel's ineffectiveness, the waiver was executed involuntarily and without the knowledge of the rights she was waving.

The Sixth Circuit has determined that a criminal defendant may waive "'any right, even a constitutional right' by means of a plea agreement." *United States v. Fleming,* 239 F.3d 761, 763 (6th Cir. 2001). Thus, plea agreements that include waivers of § 2255 rights are generally enforceable if the defendant entered into the waiver agreement knowingly, intelligently, and voluntarily. *In re Acosta,* 480 F.3d 421, 422-23 (6th Cir. 2007); *Davila v. United States,* 258 F.3d 448, 450-51 (6th Cir. 2001).

Peters bald self-serving claims are insufficient to overcome the strong presumption of truth afforded her plea agreement and sworn testimony in open court. *See United States v. Peterson,* 414 F.3d 825, 827 (7th Cir. 2005) ("Judges need not let litigants contradict themselves so readily; a [§ 2255] motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction").

The plea agreement, which bears Peters's signature specifies she "knowingly and voluntarily waives the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 . . ." (Criminal Doc. 411, p. 8). Regardless of whether counsel properly advised Peters of the consequences of waiving her rights to file a § 2255 motion, she has suffered no prejudice as a result of this waiver because the Court has addressed the merits of her claims in her § 2255 motion,. Accordingly, Peters will be **DENIED** relief on her claim that her § 2255 wavier was involuntary because counsel ineffectively advised her as to the § 2255 waiver.

## V.     Conclusion

For the reasons set forth above, the Court concludes Peters is not entitled to any relief under 28 U.S.C. § 2255, and her § 2255 motion will be **DENIED** (Criminal Court Doc. 624).

An appropriate judgment will enter.

_____*/s/ Harry S. Mattice, Jr.*_____
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE

16